IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MARY HEABERLIN,

    Plaintiff,                                    CASE NO. 5:20-cv-435-Oc-30PRL

v.

CANTERFIELD OF OCALA, LLC,
a foreign limited liability company,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF THE FLSA SETTLEMENT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MARY HEABERLIN, and Defendant, CANTERFIELD OF OCALA, LLC, by and through their undersigned counsel, and pursuant to Local Rule 3.01(g), jointly move this honorable Court to approve the FLSA Settlement and the Settlement Agreement reached by the Parties, and state as follows:

1. This action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), for unpaid overtime. 29 U.S.C. § 206.

2. Plaintiff is a former employee of Defendant.

3. Plaintiff's employment with Defendant ended on or around March 21, 2020.

4. Subsequent to Plaintiff's employment ending with Defendant, Plaintiff, through counsel, filed her lawsuit against Defendant, alleging she is owed wages for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 206.

5. Defendant denies Plaintiff's claim for unpaid overtime violations.

6. The Parties, after exchanging sufficient information for both sides to make informed decisions, have agreed to a settlement of this matter.

7. To avoid the risk and expense of continued litigation, Defendant and Plaintiff have successfully reached a resolution of Plaintiff's FLSA claims.

8. The Parties have executed a Settlement Agreement ("Agreement"). A copy of the Agreement is attached to this Motion as **Exhibit A**.

9. The Agreement is intended to resolve any and all potential claims (including minimum wage and overtime compensation claims) that Plaintiff may have related to her former employment with Defendant.

10. As described more fully below, the Parties agree that they have come to a fair and reasonable settlement of a bona fide dispute as to Plaintiff's FLSA claims, and seek Court approval of their Agreement.

## MEMORANDUM OF LAW

**A.  Standard of Review**

Plaintiff's Complaint alleges a claim for unpaid wages/overtime pursuant to the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F. 2d 1350, 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id*. at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages under the FLSA, and present to the district court a

proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1355. If the settlement "reflect[s] a reasonable compromise over issues … that are actually in dispute; [the Court may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and,

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994).  In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, Case No. 605-cv-592-ORL-22JGG, 2007 WL 328792 * 2 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).   In addition, the Court must also assess the reasonableness of the amount of consideration being allocated for attorneys' fees in the Agreement. *See Teddy Torres Colon v. Kissimmee B-Logistic Service, Inc.*, Case No. 6:15-cv-733-Orl-40KRS, 2016 WL 3147583 (M.D. Fla. May 16, 2016); *Charfaoui v. Kosher*

*Gourmet, Inc.*, Case No.: 6:15-cv-1379-Orl-41KRS, 2016 WL 1377739 (M.D. Fla. February 4, 2016).

**B.   The Parties' Resolution of Plaintiff's FLSA Claims are a Fair and Reasonable Resolution of a Bona Fide Dispute and Should be Approved by the Court**

The Parties' resolution of Plaintiff's FLSA claims contained in Plaintiff's Complaint is a fair and reasonable resolution of a bona fide dispute and should be approved by the Court. Each of the factors set out in *Leverso* weighs in favor of approving the Agreement.

    i.    <u>No Fraud or Collusion</u>

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Hamilton v. Frito-Lay, Inc.*, Case No. 605-cv-592-ORL-22JGG, 2007 WL 328792 * 4 (M.D. Fla. Jan. 8, 2007); *Helms v. Central Fla. Reg. Hosp.*, Case No. 605-cv-592-ORL-22JGG, 2006 WL 3858491 * 4 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Plaintiff is represented by Pamela Nagel Jorgensen, Esquire, of Scott Wagner & Associates, P.A., and Defendant is represented by Janice L. Merrill, Esquire, of Marshall Dennehey Warner Coleman & Goggin, P.C. All counsel involved have extensive experience in litigating FLSA and minimum wage claims, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

    ii.    <u>Complexity, Expense and Likely Duration of Litigation</u>

The complexity, expense, and length of future litigation weigh in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of Plaintiff's FLSA

claims. The Parties are resolving this matter to avoid the risk and expense involved in lengthy, fact intensive litigation.

    iii.    <u>Stage of Proceedings</u>

The stage of the proceedings and the amount of discovery completed weighs in favor of this settlement. The Parties exchanged information subsequent to Plaintiff filing her lawsuit addressing Plaintiff's allegations and Defendant's defenses.

    iv.    <u>Dispute About Probability of Plaintiff's Success On the Merits</u>

The ongoing dispute about the probability of Plaintiff's success on the merits weighs in favor of this settlement. As indicated above, the Parties continue to disagree over the merits of the FLSA claim asserted in Plaintiff's Complaint.

    v.    <u>Dispute About Possible Range of Recovery</u>

The Parties do not dispute the range of possible recovery by Plaintiff. The minimum wage and overtime compensation sought by Plaintiff totals $792.00.

The payment in the Agreement being allocated to Plaintiff's FLSA and minimum wage claims is fair and reasonable, and the amount Defendant contends Plaintiff would be able to receive should Plaintiff continue with the litigation in this matter.

The Parties have agreed that Defendant will pay Plaintiff Seven Hundred Nine-Two and 00/100 Dollars ($792.00) for alleged unpaid overtime compensation, and Plaintiff Seven Hundred Nine-Two and 00/100 Dollars ($792.00) for liquidated damages and interest. Defendant contends that this is the most Plaintiff would be able to receive if she pursued litigation. The Agreement allocates a payment of Four Thousand Six Hundred Sixty-Six and 00/100 Dollars ($4,666.00) to Plaintiff's attorney for her attorney's fees and

costs, which the parties contend is reasonable due to the negotiations the parties engaged in to resolve this matter.

      vi.      <u>Opinion of the Counsel</u>

The opinion of the counsel for the Parties weighs in favor of this settlement. Counsel for both Parties agree this settlement is a fair and reasonable resolution of a bona fide FLSA dispute. The settlement of Plaintiff's FLSA claim takes into consideration the various risks for both Parties and the significant expense associated with continued litigation.

The Parties also stipulate that the allocation of attorneys' fees being awarded to Plaintiff's counsel in the Agreement is fair and reasonable based on the amount of time spent on negotiations, and were separately negotiated by the Parties without regard to the amount paid to settle the FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 122 (M.D. Fla. 2009).

For all of these reasons the Agreement constitutes a fair and reasonable resolution of a bona fide dispute and should be approved by the Court.

**C.    The Agreement Also Resolves Other Potential Wage Claims Related to Plaintiff's Former Employment With Defendant Which Should Be Approved by the Court**

In addition to resolving the FLSA claims in Plaintiff's lawsuit, the Agreement contains language resolving any other wage claims Plaintiff may have related to Plaintiff's former employment with Defendant. The scope of this language is narrowly tailored and limited to wage claims.

Because Plaintiff's Lawsuit contains FLSA claims, dismissal of Plaintiff's Lawsuit with Prejudice should provide complete resolution as to all potential wage claims related to Plaintiff's former employment with Defendant. As part of the negotiated settlement in this matter, Plaintiff is acknowledging that she is receiving just compensation for all hours worked and to which she is owed.

As indicated above, the Parties are entering into the Agreement on a non-admission of liability basis. A primary reason for the Parties' entering into this settlement is to avoid the costs and risks associated with litigation. Prohibiting the Parties from resolving Plaintiff's wage claims in the Agreement, or by way of a separate agreement, would defeat the purpose of the Parties entering into the Agreement, which is to avoid the risks and cost associated with litigation. Such an outcome was not the intent of *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F. 2d 1350, 1352 (11th Cir. 1982). Further, Lynn's Food should not be read to prohibit the Parties from contractually resolving other potential wage claims related to Plaintiff's former employment with Defendant. For these reasons, the language in the Agreement resolving any and all potential wage claims related to Plaintiff's former employment with Defendant should be approved by the Court.

## CONCLUSION

The settlement terms contained in the Agreement are a fair, reasonable and adequate resolution to Plaintiff's FLSA claim in his Lawsuit. In addition, the language of the Agreement is narrow in scope so as to only resolve wage related claims. Accordingly, the Parties respectfully request that this honorable Court enter an Order: (i) GRANTING this Joint Motion for Approval of the FLSA Settlement; (ii) APPROVING the Settlement

Agreement (attached as **Exhibit "A"**) in its entirety and, (iii) DISMISSING Plaintiff's Complaint with prejudice.

Dated this 11th day of December, 2020.

| | |
|---|---|
| s/Pamela Nagel Jorgensen<br>Pamela Nagel Jorgensen, Esq.<br>Florida Bar No. 1008151<br>Primary e-mail: pjorgensen@scottwagnerlaw.com<br>Secondary e-mail: mail@scottwagnerlaw.com<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone: (561) 653-0008<br>Facsimile: (561) 653-0020<br>Secondary Address: 101 Northpoint Parkway West Palm Beach, FL 33407<br>www.ScottWagnerLaw.com | s/Janice L. Merrill<br>Janice L. Merrill, Esq.<br>Florida Bar No. 0124257<br>Marshall Dennehey Warner Coleman & Googin, P.A.<br>Landmark Center One<br>315 E. Robinson Street, Suite 550<br>Orlando, FL 32801<br>Telephone: 407-420-4380<br>Fax: 407-839-3008<br>E-Mail: jlmerrill@mdwcg.com<br>lrdesomer@mdwcg.com<br>Attorneys for Defendant |