# EXHIBIT A

## SETTLEMENT AGREEMENT AS TO FLSA CLAIMS

This SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS (the "Agreement") is entered into between MARY HEABERLIN ("Plaintiff") and CANTERFIELD OF OCALA, LLC, a foreign limited liability company, on behalf of their current and former successors, subrogees, assigns, principals agents, attorneys, partners, heirs, employees, officers, parents, subsidiaries, affiliates, joint venturers, co-employers, shareholders, and directors entities in both their individual and representative capacities (collectively "Defendant or Company"), (Plaintiff and Defendant collectively, "the Parties").

WHEREAS, Plaintiff has alleged that Defendant engaged in unlawful practices under the Fair Labor Standards Act, 29 U.S.C. §207 et seq., (the "Allegations") and filed a civil lawsuit in the U.S. District Court, Middle District of Florida, captioned *Heaberlin v. Canterfield of Ocala, LLC, a foreign limited liability company, Case No. 5:20-cv-00435-Oc-30PRL*.

WHEREAS, the Defendant denies all of the Allegations made; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims that Plaintiff has brought against Defendant;

NOW, THEREFORE, in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1.    **Release of Fair Labor Standard Act Claims:**

a.    This Agreement shall constitute a waiver and release of overtime claims Plaintiff might have under the FLSA against Defendant.

b.    Upon execution of this Agreement, the Parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal with Prejudice with the Court.

c.    Plaintiff hereby knowingly and voluntarily releases Defendant of and from all claims brought for overtime compensation under the Fair Labor Standards Act.

2.    **Monies Paid**:  In exchange for and in consideration of the releases and promises of the Plaintiff in this Agreement, Defendants agree to pay the total sum of SIX THOUSAND TWO HUNDRED FIFTY and 00/100 DOLLARS ($6,250.00) (the "Payment"), which includes (1) FOUR THOUSAND SIX HUNDRED SIXTY-SIX and 00/100 DOLLARS ($4,666.00) to Plaintiff for attorney's fees and costs, and (2) ONE THOUSAND FIVE HUNDRED EIGHTY-FOUR and 00/100 DOLLARS ($1,584.00) for wages and damages.  The Payment will be tendered as follows and mailed to Plaintiff's counsel within thirty (30) days of final Court approval of this settlement, and a W9 for the Plaintiff and W9 for Plaintiff's attorney provided to Defendant.

DocuSign Envelope ID: 13A7CD1B-4653-4C6B-88C3-3FFA55201ED5

### a.    Settlement Checks

a.    $792.00, made payable solely to Mary Heaberlin, as and for unpaid overtime allegedly due her, which amount shall be subject to deductions and withholding and for which an IRS Form W-2 shall issue to "Mary Heaberlin."

b.    $792.00, made payable solely to Mary Heaberlin, as and for an equal amount as liquidated damages allegedly due to Mary Heaberlin, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to "Mary Heaberlin".

c.    $4,666.00, made payable solely to Scott Wagner & Associates, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Scott Wagner & Associates, P.A. The Parties acknowledge and agree that the attorney's fees payable by the Defendant to Scott Wagner & Associates, P.A. were negotiated separately and apart from Plaintiff's FLSA claims. Plaintiff specifically is aware of, and agrees with, the amount of fees to be paid to her attorneys for representing her interests in this matter, and that these fees are reasonable.

**3.    Tax Indemnification**:  For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the Payment for non-wage, compensatory, liquidated damages and/or attorneys' fees and costs are not to be considered wages, and the Parties will consistently report and treat these amounts as non-wage damages and expenses.   Therefore, Plaintiff will provide Defendant with the appropriate IRS Form W-9 at the time of execution of this Agreement, and Defendant will provide Plaintiff with the appropriate IRS Forms 1099 to be issued for any non-wage damages and payments.  Plaintiff understands that she is responsible for any tax liabilities incurred by receipt of the above settlement amounts.  In the event that the IRS subsequently determines that any of the settlement amount constitutes taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold harmless and defend the Released Parties from any claimed tax liabilities arising out of the Payment.

**4.    Dismissal of Civil Lawsuit**:  Plaintiff agrees that upon the execution of this Agreement, her attorney shall prepare, execute, and file all documents, in form and substance satisfactory to Defendant, proper or necessary to withdraw and otherwise terminate her FLSA claims, in full, with prejudice, to the necessary governmental entities and/or courts.

**5.    No Admissions of Liability**:  The Parties hereto agree that the Payment made to the Plaintiff provides her the full and complete relief of her FLSA claim, and Plaintiff acknowledges that she is not owed any additional compensation, for any reason, from Defendant for hours worked at the Company.  This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Allegations.  Rather, Defendant denies having committed any violation of law.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law.  The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

6.    **Warranty of No Assignment**:  The Plaintiff warrants that she has not assigned, sold, subrogated, transferred to, or conveyed to anyone any actions, causes of action, claims or demands that the Plaintiff now has or ever had against the released Parties, and Plaintiff further agrees to defend the Released Parties entirely at Plaintiff's own expense and to fully indemnify and forever hold harmless the Released Parties for any and all actions, causes of action, claims or demands that may be brought against them by anyone to whom Plaintiff has assigned, sold, subrogated, transferred to, or conveyed any such action, causes of action, claims or demands.

7.    **Non-Disparagement and Neutral Reference.**  From the date of execution of this Agreement forward, Heaberlin agrees to not make any negative, misleading, or disparaging comments about Defendant relating to Heaberlin's employment with Canterfield of Ocala, LLC, including the facts that form the basis of the Litigation. Defendant likewise agrees not to make any negative, misleading, or disparaging comments about Heaberlin regarding her employment with Canterfield of Ocala, LLC. Defendant further agrees to give a neutral employment reference for Heaberlin, providing only basic factual information regarding her employment, such as dates of employment and positions held. Should any party be asked about the dispute, the party shall simply state that the matter has been resolved.  Nothing in this Paragraph shall be construed to prohibit the parties from testifying truthfully in any administrative or legal proceeding, or as otherwise required by law.

8.    **Choice of Law**:  The Parties hereto agree that the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.

9.    **Merger Clause**:  This Agreement, which is three (3) pages long, is effective upon execution, reflects the entire Agreement between the Parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises.

10.    **Counterparts**:  This Agreement will be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Signatures by facsimile will be deemed as an original signature.

The Parties acknowledge and agree that the terms of any existing agreements between the Parties shall remain in full force and effect.

DocuSign Envelope ID: 13A7CD1B-4653-4C6B-88C3-3FFA55201ED5

**PLAINTIFF AFFIRMS THAT SHE HAS CAREFULLY READ THIS ENTIRE AGREEMENT AND FULLY UNDERSTANDS ALL THE TERMS OF THIS AGREEMENT AND THAT SHE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.**

Date: 12/7/2020

Mary Heaberlin, individually

CANTERFIELD OF OCALA, LLC

Date: 12-8-2020

By:
Its: Duly Authorized Representative